Shaw C. J.
delivered the opinion of the Court. The only question ultimately submitted to the consideration of the Court was, that of the admissibility of the testimony offered by the plaintiff, which was objected to on the ground of hearsay. The case of the defendant, who had attached the horse as the property of Jonathan Peirce, depended upon showing that there had been a fraudulent sale by Jonathan Peirce to his son Willard Peirce, and that the plaintiff took the horse of Willard upon an exchange, with knowledge of the fraudulent sale under which he held the horse. It had also been shown on the part of the defendant, that Jonathan Peirce, on the 29th of October, expressed apprehension of his own failure, in consequence of the unexpected failure of a person for whom he was surety ; that immediately after this, and after some expressions indicative of an intent to place his property beyond the reach of his creditors, he conveyed the horse in question to his son Willard. This having been shown by the defendant, led strongly to the conclusion, that the idea of a sale of the horse by Jonathan to his son, to avoid an attachment, and defraud his creditors, was conceived after the failure of the person for whom he was surety, and that the fraudulent sale followed. It was a question of motive. In this state of tivngs it became material for the plaintiff to show, that there had been a negotiation or talk of this sale, between Jonathan and his son Willard, and the latter and Rice, prior to the 29th of October and before the debtor entertained any apprehensions of his own failure. And this evidence, though objected to, was held to be. admissible, and we think correctly. The object was to prove the fact, that Jonathan had talked of selling and Willard of buying and Rice of exchanging, before the failure. This, like any other fact, might be proved by any person who knew it, and could testify to it, and though Jona *480 than was a witness, and the fact might be testified to by him, yet it being an independent fact, not brought in with a view tc impeach or contradict the witness, could as well be proved by any other competent witness, and that without first inquiring of Jonathan. So far, therefore, as the evidence was admitted by the court it was admissible.[1] But the witness went further, and having testified that, as early as August, he heard Jonathan Peirce speak of swapping his horse with Rice, which was conformable to the permission of the court, proceeded to testify to what Jonathan Peirce told him, that Rice the plaintiff said. This was undoubtedly wrong ; not because Rice was not at liberty to show what he himself had proposed and talked about in August, as part of the res gestee, but -because the evidence was hearsay, and the fact was not proved in the manner required by the rules of evidence. But this was the fault or mistake of the witness, as to his duty, and not in pursuance of any question asked by the plaintiff or allowed by the court. It cannot therefore be the ground of a new trial.
Had the defendant’s counsel at the time objected to this part of the answer and called upon the court to decide upon its competency, it would have been the duty of the court to mform the jury that it was not competent evidence, and that it was their duty to disregard it. But if no objection was made at the time, and no request made to the court for such opinion and instruction to the jury, it must be deemed to have been considered unimportant, and to have been waived. It often happens, either through ignorance or honest zeal, that witnesses go beyond their duty in stating what it is not competent and proper for them to state, before there is time or . opportunity either for the counsel or court to correct them In such case, the course is for the court to instruct the jury to disregard it. But if no notice is taken of it, and no such instruction asked for by the party whose interests might be *481 injuriously affected by it, he ought not to lie by, and make it the subject of complaint and motion for a new trial, after a verdict against him.

Judgment on the verdict.

 See Allen v. Duncan, ante, 308; Boyden v. Moore, ante, 362; Walton v. Green, 1 Carr. & P. 621; Doe v. Webber, 3 Adol. & Ellis, 733; Ridley v. Gyde, 9 Bingh 349; Reed v. Dick, 8 Watts, 479; Woods v. Clark, 24 Pick 35 Haynes v. Rutter, 24 Pick. 242; Lobdell v Baker, 1 Metc. 193.